UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JOANNA S., individually, and as     )
Parent and Guardian of P.J. S.,     )
a Minor Child,                      )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   C.A. No. 15-267 S
                                    )
SOUTH KINGSTOWN PUBLIC SCHOOL       )
DISTRICT, and/or, SOUTH KINGSTOWN   )
SCHOOL COMMITTEE,                   )
                                    )
            Defendant.              )
_____ )

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

On January 11, 2017, Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R") (ECF No. 20) recommending that the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 10) and GRANT IN PART Defendant's Cross-Motion for Summary Judgment (ECF No. 13), affirming the administrative hearing officer's decision and denying Defendant's request for attorney's fees. After careful consideration of the R&R and Plaintiff's Objection thereto (ECF No. 23), the Court hereby ACCEPTS the R&R for the reasons that follow.

I. Background

Magistrate Judge Sullivan provided a comprehensive exposition of the facts and procedural history of this matter in the R&R.

The Court therefore presents only those facts pertinent to frame Plaintiff's Objection to the R&R.

Pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(f), and R.I. Gen. Laws § 16-39-1, Plaintiff Joanna S. ("Parent") initiated a due process proceeding with the Rhode Island Department of Education ("RIDE") in August 2014. (Compl. ¶ 25, ECF No. 1.) The Parent's Complaint alleged that Defendant deprived her minor son, P.J., of his right to a free appropriate public education ("FAPE") under the IDEA and that she placed him in a private school in New York as a result. (Id. ¶ 9.) After a hearing, RIDE issued an administrative decision in Defendant's favor, and the Parent filed a timely appeal with the Court. (Administrative Decision, ECF No. 1-2; Compl.)

II. Standard of Review

The First Circuit has "characterized the appropriate level of review by District Courts as 'involved oversight,' a standard which 'falls somewhere between the highly deferential clear-error standard and the non-deferential de novo standard." S. Kingstown Sch. Comm. v. Joanna S., 773 F.3d 344, 349 (1st Cir. 2014) (quoting Sebastian M. v. King Philip Reg'l Sch. Dist., 685 F.3d 79, 84 (1st Cir. 2012)). Cross-motions for summary judgment are "'simply a vehicle' for providing review of the underlying administrative ruling." Id. (quoting Sebastian M., 685 F.3d at

2

85). Thus, the typical summary judgment standard requiring the Court to "consider the facts in the light most favorable to the non-moving party" is disregarded, and "'[t]he party challenging the outcome of the . . . administrative decision bears the burden of proof.'" Bristol Warren Reg'l Sch. Comm. v. R.I. Dep't of Educ., 253 F. Supp. 2d 236, 240 (D.R.I. 2003) (quoting Heather S. v. State of Wis., 125 F.3d 1045, 1052 (7th Cir. 1997) (brackets in original)). Applying this standard of review, Magistrate Judge Sullivan undertook a thorough, well-reasoned analysis of each claim.

III. Discussion

The R&R found that the administrative hearing officer properly concluded that P.J. received an IDEA-compliant FAPE during the 2012-2013 and 2013-2014 school years. (R&R 90.) In addition, the R&R found that P.J.'s 2014-2015 private-school placement was not an IDEA-appropriate placement (id.) and, accordingly, that the Parent was not entitled to tuition reimbursement (see id. at 79). The R&R also concluded that the Parent's unexhausted claim for payment of P.J.'s special-education services at the private-school placement pursuant to R.I. Gen. Laws § 16-24-1(c) should be dismissed without prejudice. (Id. at 83-86, 91.) Finally, the R&R determined that neither party was

3

entitled to an award of attorney's fees at this time. (Id. at 90-91.)

The Parent objects to the R&R on three bases.  First, she contends that the Magistrate Judge erred in finding that P.J. received an IDEA-compliant FAPE during the 2014-2015 school year because of substantive and procedural deficiencies in his individualized education plan ("IEP"). (Pls.' Obj. 2-10, ECF No. 23-1.)  Second, the Parent argues that the Magistrate Judge erred in finding that she was not entitled to tuition reimbursement because P.J.'s private-school placement was, according to the Parent, IDEA appropriate. (Id. at 10-11.) Finally, the Parent argues that the Magistrate Judge erred in recommending that her claim under R.I. Gen. Laws § 16-24-1(c) be dismissed for failure to exhaust administrative remedies. (Id. at 11-13.)  This Court reviews the R&R de novo, addressing each of these arguments in turn. See Fed. R. Civ. P. 72(b)(3).

A. 2014-2015 IEP

For a multitude of reasons, the Parent argues that P.J.'s IEP for the 2014-2015 school year, which found that the Academic Success Academy ("ASA") would be an appropriate placement, failed to provide him an IDEA-compliant FAPE.  Specifically, (1) the IEP misclassified P.J.'s eligibility for special-education services based on his anxiety, an emotional disorder, rather than his

4

autism (Pls.' Obj. 2-5); (2) the IEP's proposed public high school placement for P.J. at the ASA was not appropriate (id. at 8-10); and (3) Defendant failed to meet certain procedural requirements in developing P.J.'s IEP (id. at 6-7).

Magistrate Judge Sullivan provided a comprehensive discussion of the IDEA statutory scheme in the R&R (R&R 48-53), and this Court agrees with her conclusion that P.J.'s 2014-2015 IEP afforded him an IDEA-compliant FAPE. (See R&R 70-75, 90.) To comply with the IDEA's FAPE requirement, an IEP must be "'reasonably calculated' to deliver 'educational benefits.'" C.G. ex rel. A.S. v. Five Town Cmty. Sch. Dist., 513 F.3d 279, 284 (1st Cir. 2008) (quoting Hendrick Hudson Bd. of Educ. v. Rowley, 458 U.S. 176, 207 (1982)). The Parent failed to meet her burden of showing that P.J.'s IEP for the 2014-2015 school year was not "reasonably calculated" to deliver "educational benefits." See id. (quoting Rowley, 458 U.S. at 207).

Addressing the Parent's claim that Defendant misclassified P.J.'s "primary diagnosis" in determining his eligibility for special-education services (Pls.' Obj. 2-5), the R&R notes that "[n]o qualified expert or educator testified that the District's eligibility determination was wrong . . . ." (R&R 71.) Nonetheless, even if the Parent's assertion was true that "the weight of the expert testimony and credible evidence of [P.J.'s]

5

performance" supported a classification for services based on P.J.'s autism (Pls.' Obj. 5), the Parent failed to show how this alleged error impacted her son's educational benefits in any way. (See R&R 71 (no evidence presented that P.J. failed to receive needed services because of an incorrect eligibility determination).)

The Parent also objects to the R&R's finding that Defendant's proposed public-school placement at the ASA was appropriate. (Id. at 8-10.) The Parent contends that the ASA was not appropriate because it was not an "immersion model . . . geared towards [P.J.'s] executive function/reading deficiencies, and it provide[d] P.J. with less services than his last IEP . . . ." (Id. at 10.) The Parent, however, failed to show how the proposed placement was not "reasonably calculated" to provide "educational benefits." C.G., 513 F.3d at 284. Indeed, the evidence appears only to support the conclusion that the placement was appropriate. (See R&R 75-79.) Although the Parent was dissatisfied with Defendant's proposed public-school placement, the "IDEA does not require school districts to provide special education students with the best education available or to provide instruction that maximizes the student's abilities." (See id. at 48 (citing Rowley, 458 U.S. at 200-01).)

The Parent also alleges a number of other substantive deficiencies in the 2014-2015 IEP, including that Defendant failed to "comprehensively evaluate" P.J. to determine his needs and that the IEP decreased his services. (Pls.' Obj. 7-8.)  The R&R's thoughtful analysis of P.J.'s IEP thoroughly addresses each allegation of substantive deficiency and finds that, in each case, the Parent failed to show how the alleged deficiency impacted her son's educational benefits.  This Court agrees.

Finally, the Parent contends that Defendant committed numerous procedural violations that collectively "amount[ed] to a denial of FAPE." (Pls.' Obj. 7.) Under the IDEA, a procedural violation constitutes a denial of FAPE only if it "impede[s] the child's right to a [FAPE]; significantly impede[s] the parents' opportunity to participate in the decisionmaking process regarding the provision of a [FAPE] to the parents' child; or cause[s] a deprivation of educational benefits." 20 U.S.C. § 1415(f)(3)(E)(ii).  This Court agrees with the R&R's finding that the alleged procedural violations do not constitute a denial of FAPE. (See R&R 73-75.)

In conclusion, the Parent failed to show that P.J.'s 2014-2015 IEP was not "reasonably calculated" to provide "educational benefits."  Therefore, Defendant satisfied its obligation to

7

provide P.J. an IDEA-compliant FAPE during the 2014-2015 school year.

    B.   Tuition Reimbursement

A parent who unilaterally enrolls their disabled child in a private school "without the consent of or referral by the public agency" may be entitled to tuition reimbursement for the private school. 20 U.S.C. § 1412(a)(10)(c)(ii).  In order to receive tuition reimbursement, the parent must prove that her child's public-school placement violates the IDEA and that the private-school placement was appropriate.  <u>Florence Cty. Sch. Dist. Four v. Carter By & Through Carter</u>, 510 U.S. 7, 15 (1993).

Here, because the Court agrees with the Magistrate Judge's determination that P.J. received FAPE during the 2014-2015 school year, there is no need to address whether his private-school placement was appropriate.  Accordingly, the Parent's objection is dismissed.

    C.   Special-Education Services at Private School

The Parent also argues that, even if she is not entitled to tuition reimbursement for P.J.'s private-school placement, the South Kingstown Public School District is still required to pay for his special-education services pursuant to R.I. Gen. Laws

§ 16-24-1(c).[1] (Pls.' Obj. 11-12.) The R&R recommended that the Court dismiss this claim without prejudice because it was not ripe for judicial review for failure to exhaust administrative remedies. (R&R 91.) The Parent contends that the Magistrate Judge erred because this issue was part of the proceedings before RIDE's hearing officer. (Pls.' Obj. 12.) There is no indication, however, that this issue has not yet been finally adjudicated by the hearing officer. The Court therefore accepts the Magistrate Judge's recommendation to dismiss this claim without prejudice.

D. Attorney's Fees

The R&R found that the Parent was not entitled to an award of attorney's fees because she did not prevail on any of her claims. (R&R 86, 91.) The R&R determined that Defendant was not entitled to an award of attorney's fees against the Parent. (Id. at 86-88, 90.) In addition, the R&R found that Defendant may be entitled to an award of attorney's fees against the Parent's attorneys pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II). (Id. at 88-90.) The

---

[1] Section 16-24-1(c) provides, in pertinent part, that:

> Parents who unilaterally enroll their child in a private school are required to pay the tuition costs related to the child's education that are unrelated to the child's disability, and the public school district where the child resides is responsible for payment of the services related to the child's disability as developed and determined in the child's individual education plan.

9

Magistrate Judge recommended, however, that any determination of whether such an award is warranted be deferred until Defendant makes a motion under D.R.I. LR Cv 54.1(a), if any. (<u>Id.</u> at 90.) In her objection, the Parent raises arguments concerning the merits of an award pursuant to § 1415(i)(3)(B)(i)(II). (Pls.' Obj. 13-22.) However, because this Court accepts the R&R's recommendation, it declines to address the Parent's arguments at this time.

IV. Conclusion

For these reasons, the R&R (ECF No. 20) is ACCEPTED and its recommendations are adopted in its entirety. Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED, and Defendant's Cross-Motion for Summary Judgment (ECF No. 13) is GRANTED IN PART. To the extent that Defendant's Cross-Motion seeks attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(III), the Cross-Motion is DENIED.  Defendant's request for attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) is DENIED WITHOUT PREJUDICE.  Final judgment may enter in favor of Defendant.

IT IS SO ORDERED.

/s/ Wesmith
_____
William E. Smith
Chief Judge
Date: March 17, 2017